Donnell *vs*. Brigham.

APPEAL from the District Court for Richland.   RAY, J.

*Farmer* for Plaintiffs Appellants.   *R. W. Richardson* for Defendant.

MARR, J., delivered the opinion, reversing the judgment.
*Decree for Plaintiffs*.

No. 627.

W. S. DONNELL VS. J. H. BRIGHAM, CURATOR.

In a suit to reinstate upon the records a judgment which had been burned in the conflagration of a Court-house, the sole issue is the existence or non-existence of the judgment. The object is to establish a fact, not to enforce a contract or agreement.

APPEAL from the District Court for Morehouse.   RAY, J.

*Newton & Hall* for Plaintiffs.   *Todd & Brigham* for Defendant.

SPENCER, J.   Plaintiff brings this suit under the third section of Act No. 9 of 1871, to reinstate a judgment, which he alleges was rendered in his favor against the defendant at the February term, 1867, of the District Court for Morehouse Parish, and the evidence of which he alleges was destroyed by the burning of the clerk's office of that parish in 1870.

S. H. Aby, claiming to be a creditor of the estate of Clark, administered by Brigham, curator, and Frank Vaughan, attorney of absent heirs of said estate, intervene, deny that plaintiff ever obtained the judgment in question, aver the insolvency of the estate, and allege collusion between plaintiff and defendant.

There was judgment for plaintiff as prayed, and dismissing the intervention, Aby appeals.

Under the terms of the statute the existence or non-existence of the judgment sought to be revived is the sole issue to be tried.

It is urged by the intervenor that the plaintiff has proven the existence of his alleged judgment only by a single witness, although

the judgment was for several thousand dollars; which proof he contends is insufficient, under Art. 2277, C. C., which provides that all agreements relative to movable property, and all contracts for the payment of money when the amount is above $500, "must be proved at least by one credible witness and other corroborating circumstances." This is not a suit to enforce a contract or agreement, but to establish a fact, to wit: the existence of a certain judgment, and the rule of that article is therefore inapplicable. But even tested by that rule, the proof is abundant. R. B. Todd, a credible witness, swears positively to its existence. The defendant admits it. Several witnesses swear that such a suit was pending about the time stated. One of the attorneys swears that judgment by default was entered in it and an answer filed.

No one swears that the judgment was not rendered, but only that they did not know of its rendition. This is certainly corroboration enough.

*Judgment affirmed.*